# EXHIBIT B

## Complaint to Trans Union, LLC

Filed
D.C. Superior Court
04/30/2021 05:03PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION—CIVIL ACTIONS BRANCH

**TRACY ARTHUR ALSTON**
c/o Jeffery W. Styles
1666 K Street NW, Suite 440
Washington, DC 20006

 Plaintiff,

v.

**EQUIFAX INFO. SRVCS. LLC**
c/o Corporation Service Company
1090 Vermont Avenue NW, Suite 430
Washington, DC 20005

 Defendant,

**EXPERIAN INFO. SOLS. INC.**
c/o C T Corporation System
1015 15th Street, NW, Suite 1000
Washington, DC 20005

 Defendant,

**TRANS UNION, LLC**
c/o Corporation Service Company
1090 Vermont Avenue, NW, Suite 430
Washington, DC 20005

Case No. 2021 CA 001382 B

## COMPLAINT AND JURY DEMAND

Plaintiff, Tracy Arthur Alston, by and through undersigned counsel, brings this complaint against the defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("TransUnion"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

1

## PARTIES TO ACTION

2. Plaintiff is a natural person that resides in the District of Columbia.

3. TransUnion is a credit reporting agency that prepares and sells credit information.

4. Experian is a credit reporting agency that prepares and sells credit information.

5. Equifax is a credit reporting agency that prepares and sells credit information.

## FACTUAL ALLEGATIONS

6. Within the past two years, the Defendants have reported inaccurate information regarding a Merrick Bank Corp. ("Merrick") tradeline and Allied Collection Services, Inc. ("Allied") collection appearing on Plaintiff's credit reports with all three credit reporting agencies ("CRAs").

*The Merrick Tradeline*

7. Merrick reported Plaintiff as 30-days delinquent for his March 2019 payment.

8. Merrick's reporting was inaccurate and/or misleading because Plaintiff submitted his payment through his credit union, but the payment was not processed for reasons that were outside of Plaintiff's control, and therefore, the non-payment was not due to financial irresponsibility.

9. Plaintiff sent a dispute letter to each of the CRAs.

10. The dispute notified the CRAs that Plaintiff's non-payment was not the result of is failure to timely submit his payment.

11. The CRAs received Plaintiff's dispute letter but did not consider the contents of the dispute letter when the CRAs subsequently prepared and published credit reports to third-parties.

12. The CRAs failed to forward an accurate portrayal of Plaintiff's dispute to Merrick.

13. Merrick responded by verifying the disputed information as accurate.

14. The CRAs accepted and parroted Merrick's dispute results without conducting any investigation of their own and without any evaluation of Merrick's dispute results.

## *The Allied Collection*

15. Allied reported that Plaintiff owed 895 for a SPRINT bill.

16. Allied's reporting was inaccurate because Plaintiff owed, at most, $370 to SPRINT.

17. Plaintiff sent a dispute letter to each of the CRAs.

18. The dispute letter notified the CRAs that the Allied debt was inflated because it included $525 in payments that were paid by the Plaintiff and a $269 fee that was not owed.

19. The CRAs received Plaintiff's dispute letter but did not consider the contents of the dispute letter when the CRAs subsequently prepared and published credit reports to third-parties.

20. The CRAs failed to forward an accurate portrayal of Plaintiff's dispute to Allied.

21. Allied responded by verifying the disputed information as accurate.

22. The CRAs accepted and parroted Allied's dispute results without conducting any investigation of their own and without any evaluation of Allied's dispute results.

## **COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)**

23. Plaintiff incorporates paragraphs 1 through 22.

24. Section 1681e(b) mandates that the CRAs report consumer information with ***the maximum possible accuracy.*** In other words, the CRAs' reporting must be more than just accurate, it must be done to perfection and without any inaccuracies.

25. The CRAs published credit reports with the Merrick tradeline without reporting the debt as disputed *after* fielding a dispute of the Merrick tradeline from Plaintiff. Upon information and belief, the CRAs have no procedures in place to ensure that furnishers report disputed accounts as disputed and the CRAs have a policy to *never* report a debt as disputed, including even when the CRAs knew the accounts debts were disputed.

3

26. Further, the CRAs published information concerning Merrick and Allied without considering information from sources other than the furnisher. Exclusive reliance on one source of information does not assure the reporting of maximum accurate information because CRAs do not consider information from other sources that may alert them to the fact that the information being reported is not accurate.

27. Thus, the CRAs violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

28. The CRAs furnished their credit reports containing the inaccurate and derogatory Merrick tradeline and Allied collection to third parties that requested Plaintiff's credit report.

29. As a result of the CRAs' violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

30. The violations by the CRAs were willful, rendering each of the Defendants individually liable for statutory and punitive damages, actual damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)

31. Plaintiff incorporates paragraphs 1 through 30.

32. Section 1681i(a)(1) mandates that a CRA investigate a consumer's dispute and report the results of the reinvestigation.

33. Section 1681i(a)(2)(A) mandates that a CRA provide notice of the consumer's dispute to the furnisher of the disputed information.

34. Section 1681i(a)(4)(A) relates to § 1681i(a)(1) and mandates that the CRA review and consider all the relevant information provided by the consumer during the CRAs' investigation.

35. Section 1681i(a)(5)(A) mandates that a CRA delete or modify the disputed information that has been found to be inaccurate or incomplete or unverifiable.

36. The CRAs have virtually no policies, practices or procedures to investigate a consumer's dispute, much less review and consider the relevant information provided by the consumer as a part of their reinvestigation.

37. Although the CRAs are required to *both* investigate the consumer dispute pursuant to section 1681i(a)(1) and forward notice of the dispute to the furnisher pursuant to section 1681i(a)(2), the policies, practices and procedures of the CRAs are designed to only comply with § 1681i(a)(2).

38. Despite the plain language of section 1681i(a)(1)'s language to conduct a reinvestigation, the CRAs have enacted policies, practices and procedures that rely on the furnisher's response to a consumer's dispute instead of the CRAs conducting their own reinvestigation.

39. Making matters worse, the CRAs do not require that the furnishers perform a reasonable investigation of the consumer's dispute. In fact, the CRAs are fully aware that the furnishers regularly perform superficial reviews *instead* of reasonable investigations. Like the CRAs, the furnishers do not consider and review the consumer's dispute when responding to a consumer dispute. The only information a furnisher considers when receiving a notice of dispute from a CRA is the ACDV. Despite knowing the furnisher's do not consider the consumer's dispute, the CRAs rely on the furnisher's response as satisfaction of their obligation to *investigate* the dispute under § 1681i(a)(1).

5

40. Upon information and belief, the CRAs are not even in full compliance with section 1681i(a)(2) because the CRAs fail to forward <u>all</u> relevant information and fail to provide the information within the time periods required under the statute. The furnisher's response is substantially hampered by CRAs failure to provide all information and to provide the information timely to the furnishers.

41. Further, the CRAs will—more times than not—misstate or mischaracterize a consumer's dispute when the CRAs transcribe a dispute onto an ACDV. The CRAs failure to accurately convey the dispute violates section 1681i(a)(2) because such failures leave out relevant information for the furnishers.

42. Because the defendant CRAs almost *never* conduct an investigation to determine whether the disputed information is accurate, complete or verifiable, the Defendants *never* obtain evidence to establish or confirm the accuracy or completeness of the disputed information as required by sections 1681i(a)(1)(A) and 1681i(a)(5)(A).

43. Accordingly, the Defendants violated 15 U.S.C. §§ 1681i(a)(1)-(5) by failing to properly respond to Plaintiff's disputes.

44. As a result of the CRAs' violations of 15 U.S.C. §§ 1681i(a)(1)-(5), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

45. The violations by the CRAs were willful, rendering each of them individually liable for statutory and punitive damages, actual damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles Plaintiff to recover actual damages, statutory damages, costs and attorney's fees pursuant to 15 U.S.C. § 1681o.

## COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681g(a)

46. Defendant Equifax violated 15 U.S.C. § 1681g(a) by failing to timely disclose all information in the Plaintiff's credit file after receiving a request from Plaintiff for his credit file.

47. Defendant Equifax failed to furnish Plaintiff's credit report on August 20, 2020.

48. Plaintiff suffered anxiety and frustration as a result of Defendant Equifax's failure to furnish Plaintiff with his credit report.

49. Defendant Equifax's failure to furnish Plaintiff's credit report was intentional, rendering Equifax liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover actual damages, statutory damages, and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,

TRACY ALSTON

_/s/ Jeffrey W. Styles_
Jeffrey W. Styles, Esq. # 475264
Washington Legal Group, LLC
1666 K Street, NW, Ste #440
Washington, DC 20006
Tel: (202) 503-1708
E-mail: jstyles@washlegal.com

*Counsel for Plaintiff*